■ BERTRAM VIRAG et al., Doing Business as ECHO ADULT HOME, Respondents, v CHARLES J. HYNES, as Deputy Attorney-General of the State of New York, Appellant. — In a proceeding to quash a subpoena duces tecum, the Special Nursing Home Prosecutor appeals from an order of the County Court, Nassau County, dated November 21, 1980, which granted the application. Order affirmed, without costs or disbursements. The County Court properly determined that the subpoena duces tecum requiring the petitioners to produce certain books and records before a Nassau County Grand Jury should be quashed because the Special Prosecutor failed to demonstrate the relevancy of the material to his investigation. It is well settled that a Grand Jury subpoena duces tecum may be challenged on the ground of relevancy (see *Matter of Mann Judd Landau v Hynes,* 49 NY2d 128; *Matter of Hynes v Moscowitz,* 44 NY2d 383; *Myerson v Lentini Bros. Moving & Stor. Co.,* 33 NY2d 250). While the Special Prosecutor is correct in asserting that he is not required to make public disclosure of his investigation, he is nevertheless required, when challenged, to demonstrate relevancy to the court (see *Matter of Additional Jan. 1979 Grand Jury of Albany Supreme Ct. v Doe,* 50 NY2d 14; *Matter of Hynes v Moscowitz, supra).* The Special Prosecutor could have made an *in camera* disclosure of the subpoena's rele-

vancy to the investigation, and upon his failure to do so, the subpoena was properly quashed. Damiani, J. P., Gibbons, Margett and O'Connor, JJ., concur.